U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 17 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HAROLD JOE BLACK | CIVIL ACTION NO. 06-1089; SEC. "P" |
| VERSUS | JUDGE DRELL |
| BLANCO, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint filed *in forma pauperis* ("IFP") by pro se plaintiff Harold Joe Black ("Plaintiff"), pursuant to 42 U.S.C. § 1983. The complaint was received and filed in this Court on June 19, 2006. Plaintiff is incarcerated in the Allen Correctional Center in Kinder, Louisiana. He seeks monetary relief for the alleged violation of his civil rights by the following defendants: "Kathleen Blanco, LA Parole Board, Verdegra Scott, Peggy Landry, Fred Clark, Jim Herford, Diana Simon, Terry Ryder, Cathy Poncho, William Morvant, Charles R. Scott, Richard Stalder, C. A. Lowe, Keith Baker, Mona Heys, and Snellia Braton."

On April 26, 1996, Title 28 § 1915 was amended to add a new requirement pertaining to successive claims. This section limits non-meritorious IFP claims by prohibiting prisoners from filing additional IFP petitions if three petitions have already been dismissed for being frivolous, malicious, failing to state a claim upon which relief could be granted, or seeking monetary relief from a defendant who was immune from such relief. See 28 U.S.C. § 1915. However, prisoners can file additional IFP claims if they claim to be "under imminent threat of serious bodily injury." Here, Plaintiff has not alleged that he is under imminent threat of serious bodily harm.

Plaintiff has filed at least twelve (12) lawsuits in this Court since 2001. He has had the

following IFP claims dismissed as frivolous: Black v. Wilkinson, et al., No. 1:04cv2489 (W.D. La. 2004); Black v. Winn Correctional Center, et al., No. 1:04cv2532 (W.D. La. 2004); and Black v. Wade Correctional Center, et al., No. 5:01cv2189 (W.D. La. 2001).

Accordingly, Plaintiff is not eligible to proceed *in forma pauperis* in this, or any other civil rights action that does not involve "imminent danger of serious physical injury." Rather, Plaintiff is subject to the costs assessed to all other plaintiffs; that is, he must pay a filing fee of **$ 350.00 per civil action**, suit or proceeding filed in a district court, whether by original process, removal or otherwise. 28 USCS § 1914; *see also* 28 USCS § 1911-13.

Therefore, **IT IS ORDERED** that Plaintiff's *in forma pauperis* status [Doc. #5] is hereby **REVOKED and RESCINDED**.

**IT IS FURTHER ORDERED** that in order for this complaint to remain viable, Plaintiff must pay the full filing fee of $350.00 within twenty (20) days from the date of this order.

**<u>FAILURE TO PAY THE FULL FILING FEE WITHIN THE TIME ALLOTTED WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.</u>**

**THUS DONE AND SIGNED** in Chambers, in Alexandria, Louisiana, this _____ day of _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE